IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLAF OLSON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Civil Case No.   05-855-MJR-PMF |
| | ) |
| DR. ADEYEMI FATOKI, et al., | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Brian's motion for summary judgment (Doc. No. 57). Plaintiff's response was due by July 9, 2007, two months after the motion was filed. Plaintiff was notified that failure to respond could result in judgment in favor of this defendant (Doc. No. 59). *See Bryant v. Madigan*, 84 F.3d 246, 247 (7th Cir. 1996). A response is not on file.

Plaintiff filed this action for damages pursuant to 42 U.S.C. § 1983. With respect to defendant Brian, he claims that she responded with deliberate indifference to his serious medical need for treatment of a shoulder ailment. He may be asserting this claim against Brian in her individual capacity and in her official capacity as a health care unit administrator. Brian seeks judgment in her favor on plaintiff's Eighth Amendment claim and asserts qualified immunity. With respect to the official capacity claim, she asserts Eleventh Amendment immunity.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R.

Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To determine whether there is a genuine issue of material fact, courts construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Brian submits evidence showing that she reasonably responded to plaintiff's concerns by reviewing his medical records, determining whether he had been evaluated by a licensed physician for the matter described, and ensuring that plaintiff received medical care for his shoulder ailment. She notes that plaintiff is not entitled to a specific course of treatment and that any official capacity claim is barred by the Eleventh Amendment. As there is no response to Brian's motion, the Court may exercise discretion to deem the motion admitted. SDIL - LR 7.1(c).

IT IS RECOMMENDED that defendant Brian's motion for summary judgment (Doc. No. 57) be GRANTED. Judgment should enter in favor of defendant Brian on plaintiff's individual capacity claim. Any official capacity claim against Brian should be dismissed with prejudice.

SUBMITTED:  July 23, 2007  .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**